## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

**Plaintiffs,**

**v.**

**VISUAL LAND, INC.**

**Defendant.**

Case No.:

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively,

"Plaintiffs" or "Philips"), bring this Complaint for patent infringement against Defendant Visual

Land, Inc. (hereinafter, "Defendant" or "Visual Land"), and hereby allege as follows:

### Nature of the Action

1.      This is an action for patent infringement under 35 U.S.C. § 271, et seq., by Philips

against Visual Land for infringement of United States Patent Nos. RE 44,913 ("the '913 patent"),

6,690,387 ("the '387 patent"), 7,184,064 ("the '064 patent"), 7,529,806 ("the '806 patent"),

5,910,797 ("the '797 patent"), 6,522,695 ("the '695 patent"), RE 44,006 ("the '006 patent"),

6,772,114 ("the '114 patent"), and RE 43,564 ("the '564 patent") (collectively, the "patents-in-

suit").

### The Parties

2.      Plaintiff Koninklijke Philips N.V., formerly known as Koninklijke Philips Electronics N.V., is a corporation duly organized and existing under the laws of the Netherlands. Its principal place of business is High Tech Campus 5, 5656 AE Eindhoven, the Netherlands.

3.      Plaintiff U.S. Philips Corporation is a corporation duly organized and existing under the laws of Delaware.  Its principal place of business is 3000 Minuteman Road, Andover, Massachusetts, 01810.

4.      Upon information and belief, Visual Land is a corporation organized and existing under the laws of California, with its principal place of business located at 17785 Center Court Dr., Suite 670, Cerritos, CA 90703.

## Jurisdiction and Venue

5.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6.       This Court has personal jurisdiction over Defendant because Defendant has, directly or through intermediaries, committed acts within Delaware giving rise to this action and/or has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Defendant has placed, and is continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Delaware, including in this District.  Upon information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Delaware and within this District.

-2-

7.     In addition, Defendant has, and continues to, knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices pre-loaded with hardware and/or software containing infringing functionality within this District, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

8.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400.

### Philips's Patents-in-Suit

9.     On May 27, 2014, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. RE 44,913, entitled "Text entry method and device therefor," to inventor Matthew J. Bickerton.  Philips is the assignee and owner of the '913 patent, a true copy of which is attached hereto as Exhibit 1.

10.     On February 10, 2004, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 6,690,387, entitled "Touch-screen image scrolling system and method," to inventors John Zimmerman and Jacquelyn Annette Martino.  Philips is the assignee and owner of the '387 patent, a true copy of which is attached hereto as Exhibit 2.

11.     On February 27, 2007, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 7,184,064, entitled "Touch-screen image scrolling system and method," to inventors John Zimmerman and Jacquelyn Annette Martino.  Philips is the assignee and owner of the '064 patent, a true copy of which is attached hereto as Exhibit 3.

12.     On May 5, 2009, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 7,529,806, entitled "Partitioning of MP3 content file for emulating

-3-

streaming," to inventor Yevgeniy Eugene Shteyn.  Philips is the assignee and owner of the '806 patent, a true copy of which is attached hereto as Exhibit 4.

13.     On June 8, 1999, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 5,910,797, entitled "Portable data processing apparatus provided with a screen and a gravitation-controlled sensor for screen orientation," to inventor Leonardus G.M. Beuk.  Philips is the assignee and owner of the '797 patent, a true copy of which is attached hereto as Exhibit 5.

14.     On February 18, 2003, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 6,522,695, entitled "Transmitting device for transmitting a digital information signal alternately in encoded form and non-encoded form," to inventors Alphons A.M.L. Bruekers, Johannes M.M. Verbakel, and Marcel S.E. Van Nieuwenhoven. Philips is the assignee and owner of the '695 patent, a true copy of which is attached hereto as Exhibit 6.

15.     On February 19, 2013, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. RE 44,006, entitled "User interface for television," to inventors Lisa Cherian, Robert Andrew Lambourne, and Guy James Roberts.  Philips is the assignee and owner of the '006 patent, a true copy of which is attached hereto as Exhibit 7.

16.     On August 3, 2004, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 6,772,114, entitled "High frequency and low frequency audio signal encoding and decoding system," to inventors Robert Johannes Sluijter, Andreas Johannes Gerrits, Rakesh Taori, and Samir Chennoukh.  Philips is the assignee and owner of the '114 patent, a true copy of which is attached hereto as Exhibit 8.

-4-

17.     On August 7, 2012, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. RE 43,564, entitled "Hand-held with auto-zoom for graphical display of web page," to inventor Jan Van Ee.  Philips is the assignee and owner of the '564 patent, a true copy of which is attached hereto as Exhibit 9.

## Factual Background

18.     Philips is a world-renowned company that expends enormous efforts and resources to advance research and development in various technological fields.  One of those fields is applied electronics, in which Philips has conducted groundbreaking research relating to graphical user interfaces, electronic displays of information, and the control of content delivery between multiple devices, among other things.  The patents-in-suit stem from this work and claim protection for interactive systems for which users can control apparatuses, displays, and content in an intuitive manner.  These intuitive mechanisms are used in present-day smartphones and tablet computers.

## Notice to Defendant

19.     Upon information and belief, Defendant is well-aware of Plaintiffs' patent portfolio relating to Defendant's tablet computers.

20.     Upon information and belief, Defendant has had knowledge of the '913 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '913 patent upon receiving a letter from Philips dated September 24, 2014.

21.     Upon information and belief, Defendant has had knowledge of the '387 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '387 patent upon receiving a letter from Philips dated September 24, 2014.

ME1 21600503v.1

22.     Upon information and belief, Defendant has had knowledge of the '064 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '064 patent upon receiving a letter from Philips dated September 24, 2014.

23.     Upon information and belief, Defendant has had knowledge of the '806 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '806 patent upon receiving a letter from Philips dated September 24, 2014.

24.     Upon information and belief, Defendant has had knowledge of the '797 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '797 patent upon receiving a letter from Philips dated September 24, 2014.

25.     Upon information and belief, Defendant has had knowledge of the '695 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '695 patent upon receiving a letter from Philips dated September 24, 2014.

26.     Upon information and belief, Defendant has had knowledge of the '006 patent in advance of the filing of this Complaint, upon receiving a letter from Philips dated September 24, 2014.  At the very latest, Visual Land was given further notice of its infringement of the '006 patent upon the filing of this Complaint.

27.     Upon information and belief, Defendant has had knowledge of the '114 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '114 patent upon receiving a letter from Philips dated September 24, 2014.

28.     Upon information and belief, Defendant has had knowledge of the '564 patent in advance of the filing of this Complaint.  At the very latest, Visual Land was given notice of its infringement of the '564 patent upon receiving a letter from Philips dated September 24, 2014.

ME1 21600503v.1

**Defendant's Infringing Activities**

29.     Upon information and belief, Defendant is, and has been, engaged in the business of manufacturing, and/or having manufactured, selling and/or offering to sell within the United States, using, and/or importing into the United States tablet computers which are pre-loaded with hardware and/or software containing functionality covered by one or more claims of the '913, '387, '064, '806, '797, '695, '006, '114, and '564 patents ("Accused Devices").

30.     Non-limiting examples the Accused Devices manufactured, sold, offered for sale, used, and/or imported by or for Defendant are the Prestige Series, Prestige Pro Series, Prestige Elite Series, Prestige Prime Series, Premier, and Connect families of devices ("Accused Devices"), which, on information and belief, have been sold within this judicial District, without limitation, through http://www.visual-land.com/, and the websites and retail locations of third parties.

31.     Upon information and belief, Defendant purposefully directs sales and offers for sale of the Accused Devices, including those specifically identified above, toward the state of Delaware, including this District.

32.     Upon information and belief, Defendant maintains established distribution channels within the United States that permit Defendant to ship the Accused Devices, including those specifically identified above, to the state of Delaware, including this District, within a few days.

ME1 21600503v.1

## First Cause of Action: Infringement of U.S. Patent No. RE 44,913

33.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

34.     Philips is the sole owner of the entire right, title, and interest in and to the '913 patent, including the right to sue and recover for any and all infringements thereof.

35.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '913 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Visual Land Prestige Elite 9Q and Visual Land Prestige Elite 10QS, which embody and/or practice at least one claim of the '913 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '913 patent is directed to a method for inputting characters to a device including a keypad which allows for entry of primary and secondary characters in different states.  The Accused Devices embody the claimed invention, without limitation, by including keypad entry functionality which practices each of the steps of at least claim 1 of the '913 patent, either literally or under the doctrine of equivalents, in accord with user finger input.

36.     Defendant is also indirectly infringing the '913 patent at least by virtue of its inducement of direct infringement of the '913 patent by customers, end users, and others who use Defendant's tablet computers referenced in paragraph 35.  Defendant has induced, and continues to induce, others to infringe the '913 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '913 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing

functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '913 patent by others with knowledge thereof.  *See, e.g.*, http://visual-land.com/downloads/Android_Lollipop_Manual.pdf (at page 28).

37.     Defendant has contributorily infringed the '913 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers referenced in paragraph 35 with knowledge that they include or constitute a material part of the inventions claimed in the '913 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '913 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

38.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

39.     Defendant has had actual notice of the '913 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 35 to 37 above infringe the '913 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Second Cause of Action: Infringement of U.S. Patent No. 6,690,387

40.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

41.     Philips is the sole owner of the entire right, title, and interest in and to the '387 patent, including the right to sue and recover for any and all infringements thereof.

-9-

42.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '387 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Prestige Series, Prestige Pro Series, Prestige Elite Series, Prestige Prime Series, Premier, and Connect families of devices, which embody and/or practice at least one claim of the '387 patent in violation of 35 U.S.C. § 271.  For example, claim 9 of the '387 patent is directed to a method of controlling the scroll-like display of data on an electronic display screen in response to a user's finger.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch screen control functionality which performs each of the steps of at least claim 9 of the '387 patent, either literally or under the doctrine of equivalents, to enable control of the scroll-like display of data in response to user finger input.

43.     Defendant is also indirectly infringing the '387 patent at least by virtue of its inducement of direct infringement of the '387 patent by customers, end users, and others who use Defendant's tablet computers referenced in paragraph 42.  Defendant has induced, and continues to induce, others to infringe the '387 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '387 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '387 patent by others with

knowledge thereof.  *See, e.g.*, http://visual-land.com/downloads/android44_manual.pdf (at page 10); http://visual-land.com/downloads/Android_Lollipop_Manual.pdf (at page 9).

44.     Defendant has contributorily infringed the '387 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers referenced in paragraph 42 with knowledge that they include or constitute a material part of the inventions claimed in the '387 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '387 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

45.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

46.     Defendant has had actual notice of the '387 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 42 to 44 above infringe the '387 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Third Cause of Action: Infringement of U.S. Patent No. 7,184,064

47.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

48.     Philips is the sole owner of the entire right, title, and interest in and to the '064 patent, including the right to sue and recover for any and all infringements thereof.

49.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '064 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited

-11-

to, for example, the Prestige Series, Prestige Pro Series, Prestige Elite Series, Prestige Prime Series, Premier, and Connect families of devices, which embody and/or practice at least one claim of the '064 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '064 patent is directed to a touch screen image scrolling system that controls scrolling of data in response to a user's finger. The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch screen control functionality which embodies each of the elements of at least claim 1 of the '064 patent, either literally or under the doctrine of equivalents, to enable control of data scrolling in response to user finger input.

50.     Defendant is also indirectly infringing the '064 patent at least by virtue of its inducement of direct infringement of the '064 patent by customers, end users, and others who use Defendant's tablet computers referenced in paragraph 49.  Defendant has induced, and continues to induce, others to infringe the '064 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '064 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '064 patent by others with knowledge thereof.  *See, e.g.*, http://visual-land.com/downloads/android44_manual.pdf (at page 10); http://visual-land.com/downloads/Android_Lollipop_Manual.pdf (at page 9).

51.     Defendant has contributorily infringed the '064 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers referenced

in paragraph 49 with knowledge that they include or constitute a material part of the inventions claimed in the '064 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '064 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

52.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

53.     Defendant has had actual notice of the '064 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 49 to 51 above infringe the '064 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Fourth Cause of Action: Infringement of U.S. Patent No. 7,529,806

54.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

55.     Philips is the sole owner of the entire right, title, and interest in and to the '806 patent, including the right to sue and recover for any and all infringements thereof.

56.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '806 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Visual Land Prestige Elite 9Q, which support MPEG-DASH (Dynamic Adaptive Streaming over HTTP) and/or HTTP Live Streaming or otherwise embody and/or practice at least one claim of the '806 patent in violation of 35 U.S.C. § 271.  For example, claim 12 of the '806 patent is directed to a client device for forming a media presentation from multiple

related files stored on server computers within a computer network.  The Accused Devices

include media presentation functionality which, for example, supports MPEG-DASH and/or

HTTP Live Streaming to stream content, and which embodies each of the elements of at least

claim 12 of the '806 patent, either literally or under the doctrine of equivalents.

57.     Defendant is also indirectly infringing the '806 patent at least by virtue of its

inducement of direct infringement of the '806 patent by customers, end users, and others who

use Defendant's tablet computers referenced in paragraph 56.  Defendant has induced, and

continues to induce, others to infringe the '806 patent in violation of 35 U.S.C. § 271, by taking

active steps to encourage and facilitate others' direct infringement of the '806 patent with

knowledge or willful blindness of that infringement.  Upon information and belief, these

affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale

and/or selling the above-referenced devices, pre-loaded with software containing infringing

functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end

users, and providing instructions, user manuals, advertising, and/or marketing materials which

facilitate, direct or encourage the direct infringement of the '806 patent by others with

knowledge thereof.  *See, e.g.*, http://visual-

land.com/index.php?route=product/product&path=60&product_id=58.

58.     Defendant has contributorily infringed the '806 patent in violation of 35 U.S.C. §

271, without limitation, by offering to sell, selling, or importing the tablet computers referenced

in paragraph 56 with knowledge that they include or constitute a material part of the inventions

claimed in the '806 patent and/or are especially made or adapted for use by others, including

consumers or end users, to infringe the '806 patent, and are not staple articles or commodities of

commerce suitable for substantial, non-infringing use.

-14-

59.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

60.     Defendant has had actual notice of the '806 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 56 to 58 above infringe the '806 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Fifth Cause of Action: Infringement of U.S. Patent No. 5,910,797

61.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

62.     Philips is the sole owner of the entire right, title, and interest in and to the '797 patent, including the right to sue and recover for any and all infringements thereof.

63.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '797 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Prestige Series, Prestige Pro Series, Prestige Elite Series, Prestige Prime Series, and Connect families of devices, which embody and/or practice at least one claim of the '797 patent in violation of 35 U.S.C. § 271.  For example, claim 6 of the '797 patent is directed to a manipulatable apparatus for displaying objects and for imparting an acceleration based motion pattern, wherein the motion is non-uniform in time under control of a static orientation of the screen.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded screen orientation functionality and/or pre-loaded game applications which embody

-15-

each of the elements of at least claim 6 of the '797 patent, either literally or under the doctrine of equivalents.

64.     Defendant is also indirectly infringing the '797 patent at least by virtue of its inducement of direct infringement of the '797 patent by customers, end users, and others who use Defendant's tablet computers referenced in paragraph 63.  Defendant has induced, and continues to induce, others to infringe the '797 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '797 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '797 patent by others with knowledge thereof.  *See, e.g.*, http://visual-land.com/downloads/android44_manual.pdf (at page 11); http://visual-land.com/downloads/Android_Lollipop_Manual.pdf (at page 10).

65.     Defendant has contributorily infringed the '797 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers referenced in paragraph 63 with knowledge that they include or constitute a material part of the inventions claimed in the '797 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '797 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

66.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

67.     Defendant has had actual notice of the '797 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 63 to 65 above infringe the '797 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Sixth Cause of Action: Infringement of U.S. Patent No. 6,522,695

68.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

69.     Philips is the sole owner of the entire right, title, and interest in and to the '695 patent, including the right to sue and recover for any and all infringements thereof.

70.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '695 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Visual Land Prestige Elite 9Q, which include functionality that supports FLAC (Free Lossless Audio Codec) or otherwise embody and/or practice each element of at least one claim of the '695 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  For example, claim 14 of the '695 patent is directed to a receiver that receives a composite signal from a transmission medium, and plays back a decoded or non-decoded digital information signal derived depending on the coding used in the signal received via the transmission medium. The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which supports the playback of FLAC audio and which embodies each element of claim 14, either literally or under the doctrine of equivalents.

ME1 21600503v.1

71.     Defendant is also indirectly infringing the '695 patent at least by virtue of its inducement of direct infringement of the '695 patent by customers, end users, and others who use Defendant's tablet computers referenced in paragraph 70.  Defendant has induced, and continues to induce, others to infringe the '695 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '695 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '695 patent by others with knowledge thereof.

72.     Defendant has contributorily infringed the '695 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers referenced in paragraph 70 with knowledge that they include or constitute a material part of the inventions claimed in the '695 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '695 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

73.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

74.     Defendant has had actual notice of the '695 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 70 to 72 above infringe the '695 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

**Seventh Cause of Action: Infringement of U.S. Patent No. RE 44,006**

75.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

76.     Philips is the sole owner of the entire right, title, and interest in and to the '006 patent, including the right to sue and recover for any and all infringements thereof.

77.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '006 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Visual Land Prestige Elite 10QS, and other devices running Android 5.0 or higher, which embody and/or practice at least one claim of the '006 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '006 patent is directed to a device that allows for the display of a rotating elliptical menu comprising a plurality of menu options.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which allows for switching between recently opened applications ("apps") displayed in a rotatable elliptical arrangement, and which embodies each of the elements of at least claim 1 of the '006 patent, either literally or under the doctrine of equivalents.

78.     Defendant is also indirectly infringing the '006 patent at least by virtue of its inducement of direct infringement of the '006 patent by customers, end users, and others who

-19-

use Defendant's tablet computers referenced in paragraph 77.  Defendant has induced, and

continues to induce, others to infringe the '006 patent in violation of 35 U.S.C. § 271, by taking

active steps to encourage and facilitate others' direct infringement of the '006 patent with

knowledge or willful blindness of that infringement.  Upon information and belief, these

affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale

and/or selling the above-referenced devices, pre-loaded with software containing infringing

functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end

users, and providing instructions, user manuals, advertising, and/or marketing materials which

facilitate, direct or encourage the direct infringement of the '006 patent by others with

knowledge thereof.  *See, e.g.*, http://visual-land.com/downloads/Android_Lollipop_Manual.pdf

(at page 7).

79.     Defendant has contributorily infringed the '006 patent in violation of 35 U.S.C. §

271, without limitation, by offering to sell, selling, or importing the tablet computers referenced

in paragraph 77 with knowledge that they include or constitute a material part of the inventions

claimed in the '006 patent and/or are especially made or adapted for use by others, including

consumers or end users, to infringe the '006 patent, and are not staple articles or commodities of

commerce suitable for substantial, non-infringing use.

80.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will

continue to suffer, substantial damages in an amount to be determined at trial.

ME1 21600503v.1

81.     Defendant has had actual notice of the '006 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 77 to 79 above infringe the '006 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Eighth Cause of Action: Infringement of U.S. Patent No. 6,772,114

82.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

83.     Philips is the sole owner of the entire right, title, and interest in and to the '114 patent, including the right to sue and recover for any and all infringements thereof.

84.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '114 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Visual Land Prestige Elite 9Q, which support AMR-WB (Adaptive Multi-Rate Wideband) standard 3GPP TS 26.190 or otherwise embody and/or practice each element of at least one claim of the '114 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  For example, claim 20 of the '114 patent is directed to a receiver that reconstructs a signal by separately processing the low frequency and high frequency components of the signal that it receives before combining the processed signals.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which supports the AMR-WB standard 3GPP TS 26.190 and which embodies each element of at least claim 20, either literally or under the doctrine of equivalents.

85.     Defendant is also indirectly infringing the '114 patent at least by virtue of its inducement of direct infringement of the '114 patent by customers, end users, and others who use Defendant's tablet computers referenced in paragraph 84.  Defendant has induced, and continues to induce, others to infringe the '114 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '114 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '114 patent by others with knowledge thereof.

86.     Defendant has contributorily infringed the '114 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers referenced in paragraph 84 with knowledge that they include or constitute a material part of the inventions claimed in the '114 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '114 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

87.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

ME1 21600503v.1

88.     Defendant has had actual notice of the '114 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 84 to 86 above infringe the '114 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Ninth Cause of Action: Infringement of U.S. Patent No. RE 43,564

89.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 32 of this Complaint, as though set forth here in their entirety.

90.     Philips is the sole owner of the entire right, title, and interest in and to the '564 patent, including the right to sue and recover for any and all infringements thereof.

91.     Defendant is directly infringing, either literally or under the doctrine of equivalents, the '564 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Prestige Series, Prestige Pro Series, Prestige Elite Series, Prestige Prime Series, Premier, and Connect families of devices, which embody and/or practice at least one claim of the '564 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '564 patent is directed to a handheld communication device for rendering a touch selected portion on a display at a larger second scale, thereby facilitating selection of a feature.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch zooming functionality, which embodies each element of at least claim 1, either literally or under the doctrine of equivalents, to enable rendering a touch selected portion of a display at a larger second scale.

ME1 21600503v.1

92.     Defendant is also indirectly infringing the '564 patent at least by virtue of its inducement of direct infringement of the '564 patent by customers, end users, and others who use Defendant's tablet computers referenced in paragraph 91.  Defendant has induced, and continues to induce, others to infringe the '564 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '564 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '564 patent by others with knowledge thereof.  *See, e.g.*, http://visual-land.com/downloads/android44_manual.pdf (at pages 10-11); http://visual-land.com/downloads/Android_Lollipop_Manual.pdf (at pages 9-10).

93.     Defendant has contributorily infringed the '564 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers referenced in paragraph 91 with knowledge that they include or constitute a material part of the inventions claimed in the '564 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '564 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

94.     By reason of Defendant's infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

ME1 21600503v.1

95.     Defendant has had actual notice of the '564 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 91 to 93 above infringe the '564 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment as follows:

A.     That Defendant has directly infringed, indirectly infringed, and induced others to infringe the patents-in-suit;

B.     That Defendant be ordered to pay damages adequate to compensate Plaintiffs for Defendant's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

C.     That Defendant's infringement is deliberate and willful and that Defendant be ordered to pay treble damages under 35 U.S.C. § 284;

D.     That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiffs be awarded its reasonable attorneys' fees, costs, and expenses; and

E.     That Plaintiffs be granted such other and additional relief as the Court deems just and proper.

### Jury Demand

Plaintiffs hereby demand a jury trial as to all issues so triable.

ME1 21600503v.1

Dated: December 7, 2015                    MCCARTER & ENGLISH, LLP

                                           /s/ Daniel M. Silver
Of Counsel:                                Michael P. Kelly (#2295)
                                           Daniel M. Silver (#4758)
Michael P. Sandonato                       Benjamin A. Smyth (#5528)
John D. Carlin                             Renaissance Centre
FITZPATRICK, CELLA, HARPER &               405 N. King Street, 8th Floor
SCINTO                                     Wilmington, Delaware 19801
1290 Avenue of the Americas                (302) 984-6300
New York, New York 10104-3800              mkelly@mccarter.com
Tel: (212) 218-2100                        dsilver@mccarter.com
Fax: (212) 218-2200                        bsmyth@mccarter.com
msandonato@fchs.com
jcarlin@fchs.com                           *Attorneys for Plaintiffs*

ME1 21600503v.1