IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | C.A. No. 15-1127-GMS |
| v. | ) ) | |
| VISUAL LAND, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT VISUAL LAND INC.'S OPENING BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Elizabeth Rogers Brannen
STRIS & MAHER LLP
725 South Figueroa Street
Suite 1830
Los Angeles, CA 90017
(213) 995-6809
elizabeth.brannen@strismaher.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

Dated: March 8, 2016

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING ..................................................................... 1

SUMMARY OF ARGUMENT .................................................................................................. 2

STATEMENT OF FACTS ......................................................................................................... 3

    I.    PHILIPS' PATENT INFRINGEMENT ALLEGATIONS ................................................ 3

        A.    Philips' Direct Infringement Allegations Against Visual Land ................................ 3

        B.    Philips' Indirect Infringement Allegations Against Visual Land .............................. 6

    II.    PHILIPS' WILLFULNESS ALLEGATIONS .................................................................. 7

ARGUMENT .............................................................................................................................. 7

    I.    PHILIPS FAILS TO ALLEGE COGNIZABLE CLAIMS FOR DIRECT PATENT
        INFRINGEMENT ............................................................................................................ 8

        A.    The Complaint Lacks Critical Facts Necessary to State Substantively
            Plausible Claims for Direct Infringement of the System-Device-
            Apparatus Claims ................................................................................................... 9

        B.    The Complaint Lacks Critical Facts Necessary to State Substantively
            Plausible Claims for Direct Infringement of the Method Claims ......................... 11

    II.    PHILIPS FAILS TO ALLEGE COGNIZABLE CLAIMS FOR INDIRECT
        INFRINGEMENT .......................................................................................................... 12

    III.    PHILIPS FAILS TO ALLEGE A COGNIZABLE CLAIM FOR WILLFULNESS ....... 15

CONCLUSION ......................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ............................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................... passim

*Bel. Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................... passim

*Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*,
    C.A. No. 12-1109-GMS, 2013 WL 6040377 (D. Del. Nov. 14, 2013) ...................................12

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
    C.A. No. 12-1111-GMS, 2013 WL 6058472 (D. Del. Nov. 18, 2013) ...................................13

*Davis v. Abington Mem'l Hosp.*,
    765 F.3d 236 (3d Cir.2014)...........................................................................................8

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) ............................................................13

*ePlus, Inc. v. Lawson Software, Inc.*,
    789 F.3d 1349 (Fed Cir. 2015)....................................................................................14

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011)................................................................................................12

*I4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010)....................................................................................15

*Intellectual Ventures I LLC v. Bank of America, Corp.*,
    C.A. No. 13-358-RJC-DSC, 2014 WL 868713 (W.D.N.C. Mar. 5, 2014).............................13

*Johnson v. City of Shelby*,
    135 S.Ct. 346 (2014)......................................................................................... passim

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993)........................................................................................12

*Macronix Intern. Co. v. Spansion Inc.*,
    4 F. Supp. 3d 797, E.D. Va. 2014 ...............................................................................10

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc. et al.*,
  C.A. No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) ..................................8

*MONEC Holding AG v. Motorola Mobility¸ Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012)..................................................................................15

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
  C.A. No. 12-92-RGA, 2012 WL 2700495 (D. Del. July 5, 2012)..........................................14

*Stephenson v. Game Show Network, LLC*,
  933 F. Supp. 2d 674 (D. Del. 2013)..................................................................................15

*Straight Path IP Group, Inc. v. Vonage Holdings Corp.*,
  C.A. No. 14-502 (JLL)(JAD), 2014 WL 3345618 (D.N.J. July 7, 2014)................................13

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012)........................................................................................12

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*
  (Fed. Cir. 2015) .............................................................................................................13

*TIP Sys, LLC, v. Phillips & Brooks/Gladwin, Inc.*,
  529 F.3d 1364 (Fed. Cir. 2008).........................................................................................9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)........................................................................................14

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
  520 U.S. 17 (1997)............................................................................................................9

STATUTES

35 U.S.C. § 271(c) ...............................................................................................................14

RULES

Fed. R. Civ. P. 8 .......................................................................................................... passim

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 7, 16

OTHER AUTHORITIES

https://xiph.org/flac/documentation_format_overview.html ........................................................10

## INTRODUCTION

Defendant Visual Land Inc. ("Visual Land") respectfully submits this opening brief in support of its motion to dismiss all of the claims asserted in the Complaint of Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (together, "Philips") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6) ").  Philips' conclusory allegations lack substantive plausibility.  They therefore do not constitute "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Accordingly, the Court should grant Visual Land's motion and dismiss Philips' Complaint.

## NATURE AND STAGE OF THE PROCEEDING

On December 7, 2015, Philips filed its Complaint against Visual Land alleging infringement of nine patents:  U.S. Patent Nos. RE 44,913 ("the '913 patent"), 6,690,387 ("the '387 patent"), 7,184,064 ("the '064 patent"), 7,529,806 ("the '806 patent"), 5,910,797 ("the '797 patent"), 6,522,695 ("the '695 patent"), RE 44,006 ("the '006 patent"), 6,772,114 ("the '114 patent"), and RE 43,564 ("the '564 patent") (D.I. 1, the "Complaint") (together, the "Asserted Patents").  As explained in the accompanying and contemporaneously-filed Joint Motion to Dismiss for Improper Venue, Philips filed similar suits alleging infringement of overlapping (and in some cases additional) patents against several other companies (the "Related Actions").  The respective response dates were extended and Visual Land now moves for dismissal of Philips' allegations in their entirety.  For the reasons set forth in this brief and in the Rule 12(b)(6) motions of defendants in the Related Actions ("Related Rule 12(b)(6) Motions"), which Visual Land incorporates herein by reference, Philips has failed to state any legally cognizable claims for patent infringement against Visual Land, whether direct, indirect, willful, or otherwise.

## SUMMARY OF ARGUMENT

The Federal Rules of Civil Procedure and governing Supreme Court precedent require a plaintiff to plead facts sufficient to show that a claim has substantive plausibility.  Fed. R. Civ. P. 8(a)(2); *see also, e.g.*, *Johnson v. City of Shelby,* 135 S.Ct. 346, 347 (2014).  Philips has not done so for any of its claims.

1. Philips' claims against Visual Land for direct infringement assert only the *conclusion* that Visual Land sells certain products that read on every limitation of certain patent claims— without stating *how* or identifying anything about those products that lends substantive plausibility to these assertions.  Philips' Complaint speaks in ill-defined generalities and makes no attempt to allege meaningfully clear facts about the accused devices or to state how such facts allegedly relate to the specific improvements set forth in the language of its asserted patent claims.  For example, Philips points to "touch zooming functionality" that allegedly "embodies each element of at least claim 1" of one of its patents and "keypad entry functionality" that allegedly "practices each of the steps of at least claim 1" of another.  But Philips never defines what it means by "touch zooming functionality," and never states *what it is* about such functionality that allegedly causes Visual Land's devices to embody each element of any patent claim.  Even a cursory reading reveals that the asserted patent claims contain numerous requirements for which Philips has made no effort to identify any corresponding facts.

2. In addition, for the two method claims it asserts, Philips has not stated who or what is allegedly using its patented methodology.  To be cognizable, these direct infringement claims must both identify who is allegedly performing the patented methods, and provide a factual basis for concluding that their actions at least plausibly correspond to each of the required steps.

2

3. Philips' claims for indirect infringement also fail for multiple reasons.  Philips has not plead facts sufficient to establish either direct infringement by any third parties or specific intent on the part of Visual Land to cause their alleged infringement.

4. Philips' claim for willful infringement is similarly deficient.  To be substantively plausible, Philips must plead facts showing that Visual Land acted despite knowledge of or willful blindness to an objectively high risk that it was infringing.  Philips makes no such allegations.  Because the *Complaint itself* does not state a plausible factual case for infringement, it does not come remotely close to showing that Visual Land should have known of an objectively high risk of infringement before the lawsuit began.

## STATEMENT OF FACTS

## I.   PHILIPS' PATENT INFRINGEMENT ALLEGATIONS

Philips' Complaint alleges direct patent infringement, inducement, and contributory infringement on the basis of "tablet computers which are pre-loaded with hardware and/or software containing functionality covered by one or more claims" of the Asserted Patents. (D.I. 1, ¶ 29.)  Which devices does Philips accuse?  The Complaint purports to identify only "[n]on-limiting examples" of Visual Land's products.  (*Id.*, ¶ 30 (listing the Prestige Series, Prestige Pro Series, Prestige Elite Series, Prestige Prime Series, Premier, and Connect families of devices).

### A.   Philips' Direct Infringement Allegations Against Visual Land

For the nine Asserted Patents, Philips pleads direct infringement "either literally or under the doctrine of equivalents" on the basis of "example" devices and patent claims.  (*Id.*, ¶¶ 35, 42, 49, 56, 63, 70, 77, 84, and 91).  The Complaint speaks in amorphous terms about "functionality" to which the exemplary patent claims are supposedly "directed."  It generically asserts that some ill-defined aspect of the "example" devices "embodies each element" of the

exemplary system-device-apparatus claims or "practices each of the steps" of the exemplary method claims.  (*See, e.g., Id.* ¶¶ 35, 49).  The Complaint never states (1) what those claim elements or steps are; (2) what the putatively identified functionality even is; (3) what it is about the "identified functionality" that Philips alleges corresponds to any given element or step; or (4) whether the element or step is allegedly present or performed literally or equivalently:

- "The Accused Devices embody the claimed invention, without limitation, by including keypad entry functionality which practices each of the steps of at least claim 1 of the '913 patent, either literally or under the doctrine of equivalents, in accord with user finger input" (*Id.* ¶ 35.).  Nowhere does the Complaint define what "keypad entry functionality" is, and nowhere does the Complaint explain who allegedly uses the "keypad entry functionality" or how that allegedly infringes the asserted claim.

- "The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch screen control functionality which performs each of the steps of at least claim 9 of the '387 patent, either literally or under the doctrine of equivalents, to enable control of the scroll-like display of data in response to user finger input."  (*Id.* ¶ 42).  Nowhere does the Complaint define what "touch screen control functionality" is.  Nor does it explain who allegedly uses it or how use of such "functionality" allegedly performs the steps of the asserted claim.

- "The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch screen control functionality which embodies each of

4

the elements of at least claim 1 of the '064 patent, either literally or under the doctrine of equivalents, to enable control of data scrolling in response to user finger input" (*Id.* ¶ 49).

- "The Accused Devices include media presentation functionality which, for example, supports MPEG-DASH and/or HTTP Live Streaming to stream content, and which embodies each of the elements of at least claim 12 of the '806 patent, either literally or under the doctrine of equivalents" (*Id.* ¶ 56).

- "The Accused Devices embody the claimed invention, without limitation, through pre-loaded screen orientation functionality and/or pre-loaded game applications which embody each of the elements of at least claim 6 of the '797 patent, either literally or under the doctrine of equivalents" (*Id.* ¶ 63).

- "The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which supports the playback of FLAC audio and which embodies each element of claim 14 [of the '695 patent], either literally or under the doctrine of equivalents" (*Id.* ¶ 70).

- "The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which allows for switching between recently opened applications ("apps') displayed in a rotatable elliptical arrangement, and which embodies each of the elements of at least claim 1 of the '006 patent, either literally or under the doctrine of equivalents" (*Id.* ¶ 77).

- "The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which supports the AMR-WB standard 3GPP TS 26.190 and which embodies each element of at least claim 20 [of the '114

patent], either literally or under the doctrine of equivalents" (*Id.* ¶ 84).

- "The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch zooming functionality, which embodies each element of at least claim 1 [of the '564 patent], either literally or under the doctrine of equivalents, to enable rendering a touch selected portion of a display at a larger second scale." (*Id.* ¶ 91).

**B.      Philips' Indirect Infringement Allegations Against Visual Land**

For each Asserted Patent, Philips alleges that Visual Land is liable for inducing direct infringement by "customers, end users, and others" who use Visual Land's accused tablets. (*Id.*, ¶¶ 36, 43, 50, 57, 64, 71, 78, 85, 92).  The Complaint does not attempt to state facts establishing direct infringement by any of these third parties.  Instead, Philips alleges that Visual Land takes "active steps to encourage and facilitate others' direct infringement," and identifies such steps, upon information and belief, solely as follows:  "these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the" respective asserted patents "by others with knowledge thereof."  (*Id.*)  Although for many Asserted Patents the Complaint then cites (without explanation) to various manuals, for the '695 or '114 patents it cites nothing whatsoever.  (*Id. compare* ¶¶ 36, 43, 50, 57, 64, 78, and 92 (internet citations included without attachment, explanation, or discussion) *with* ¶¶ 71, 85 (no such citations).)

Similarly, for each Asserted Patent, Philips alleges that Visual Land is liable for

contributory infringement on the basis of the same tablet computers on which Philips predicates its direct infringement claims.  (*Id.*, ¶¶ 37, 44, 51, 58, 65, 72, 79, 86, 93).  But the Complaint does not specify any components, instead stating that the tablet computers themselves "*include or constitute* a material part of the inventions claimed . . . *and/or are especially made or adapted for use by others* . . . to infringe. . . and are not staple articles or commodities of commerce suitable for substantial non-infringing use."  (*Id.* (emphasis added).) Philips' Complaint then asserts, without explanation or citation, that Visual Land acted with knowledge of the foregoing allegations (which themselves are open-ended and contain unspecified alternatives).  (*Id.*)  Similarly, as to the identity of the direct infringers, Philips states that they "includ[e] consumers *or* end users"—without stating which or on what basis these or any other third parties allegedly infringe.  (*Id.* (emphasis added)).

## II.   PHILIPS' WILLFULNESS ALLEGATIONS

Philips' Complaint alleges that Visual Land "is well-aware of [Philips'] patent portfolio relating to [Visual Land's] tablet computers" and had pre-suit knowledge of the Asserted Patents and of its alleged infringement "upon receiving a letter from Philips dated September 24, 2014." (*Id.* ¶¶ 19, 20-28).  The Complaint does not allege that Visual Land acted with knowledge of an objectively high likelihood that its tablet sales infringed the Asserted Patents.  Rather, it alleges, on information and belief, that Visual Land "has known or should have known that its activities" constituted infringing acts and that Visual Land continued to engage in those acts.  (*Id.* ¶¶ 39 ('913 patent), 46 ('387 patent), 53 ('064 patent), 60 ('806 patent), 67 ('797 patent), 74 ('695 patent), 81 ('006 patent), 88 ('114 patent), 95 ('564 patent)).

## ARGUMENT

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009); *Bel. Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc. et al.*, C.A. No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) (noting that with the abrogation of Rule 84 and Appendix Form 18 for complaints filed after December 1, 2015, "[u]nder the new rules, allegations of direct infringement will be subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief'"). A plaintiff must plead facts sufficient to show that its claim has *substantive plausibility*. *Iqbal*, 556 U.S. at 678; *Johnson*, 135 S.Ct. at 347.

Merely providing "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not enough. *Twombly,* 550 U.S. at 555; *see also Davis v. Abington Mem'l Hosp.,* 765 F.3d 236, 241 (3d Cir.2014) (quoting *Twombly,* 550 U.S. at 555). Rather, a complaint must "give the defendant fair notice of what the . . . claim is *and the grounds upon which it rests*." *Twombly*, 550 U.S. at 555 (emphasis added).

## I.    PHILIPS FAILS TO ALLEGE COGNIZABLE CLAIMS FOR DIRECT PATENT INFRINGEMENT

Philips' Complaint against Visual Land alleges direct infringement of seven claims directed to systems, devices, or other apparatus ('064 patent, claim 1; '806 patent, claim 12; '797 patent, claim 6; '695 patent, claim 14; '006 patent, claim 1; '114 patent, claim 20; '564 patent, claim 1) and two method claims ('913 patent claim 1; '387 patent claim 9). As an initial matter, the attempt to identify only "example" accused devices and "example" asserted claims is not sufficient to permit the claims to proceed against unsubstantiated devices and claims. Philips must state which Visual Land devices it is accusing and identify the specific patent claims these devices allegedly infringe in a manner that establishes the substantive plausibility of its

allegations. If any of the facts or claim limitations are the same, then Philips need not repeat them in an unnecessarily lengthy manner—to the contrary, Rule 8 requires a statement that is "short and plain." Fed. R. Civ. P. 8(a)(2). But it still requires "*showing*" a plausible basis for each accused device and each patent claim Philips seeks to assert. *Id.* (emphasis added).

In addition, for both groups of claims, key facts are missing. Without them, even the "example" asserted patent claims lack substantive plausibility.

### A. The Complaint Lacks Critical Facts Necessary to State Substantively Plausible Claims for Direct Infringement of the System-Device-Apparatus Claims

Under the well-established "all elements rule," direct infringement of the system-device-apparatus claims requires an accused device to embody each limitation either literally or under the doctrine of equivalents. *See, e.g.*, *TIP Sys, LLC, v. Phillips & Brooks/Gladwin, Inc.,* 529 F.3d 1364, 1379 (Fed. Cir. 2008) (citing, *inter alia*, *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997)). If any element is missing, there is no infringement as a matter of law. *See, e.g.*, *Warner-Jenkinson Co.*, 520 U.S. at 29 (holding that doctrine of equivalents cannot vitiate a claim limitation).

To give fair notice, therefore, not only of the nature of Philips' claim, but of the grounds upon which it rests with "enough heft to 'show that the pleader is entitled to relief,'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)), Philips must state what it is about the Accused Products that allegedly embodies all elements of an asserted patent claim. The Complaint has not done so, and therefore lacks facial plausibility. *See Iqbal*, 556 U.S. at 678 (explaining that facial plausibility entails pleading factual content that allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Instead, Philips' direct infringement allegations against Visual Land accuse inchoate "functionality" and conclude—without any facts—that this functionality "embodies each

element" of "at least" the asserted claims.  That is not nearly enough to establish viability, let

alone substantive plausibility.  *See, e.g., Macronix Intern. Co. v. Spansion Inc.*, 4 F. Supp. 3d

797, 804 (E.D. Va. 2014) (holding that to satisfy *Twombly* and *Iqbal*, patent infringement claims

must state "how the offending products" allegedly infringe, including whether literally or by the

doctrine of equivalents, without simply parroting "the claim language for each element").

Philips does not have or purport to have patent claims that cover all manner of "keypad entry,"

"touch screen control," "touch zooming," "game applications," or software that determines

"screen orientation" or "allows for switching between recently opened applications ('apps')

displayed in a rotatable elliptical arrangement."  (D.I. 1, ¶¶ 35, 42, 49, 63, 77, and 91)  And the

technical standards to which Philips refers—"MPEG-DASH and/or HTTP Live Streaming,"

"functionality which supports the playback of FLAC [Free Lossless Audio Codec] audio," and

"the AMR-WB standard 3GPP TS 26.190" (*Id.*, ¶¶ 56, 70, 84)—are complex and entail optional

functionality that may or may not be actually incorporated into a given implementation.  *See,*

*e.g.*, https://xiph.org/flac/documentation_format_overview.html (Miscellaneous) (last visited

Mar. 7, 2016).

      As a result, Philips' direct infringement allegations have obvious deficiencies and fail to

provide fair notice of the grounds upon which they rest as Rule 8 and *Twombly* and *Iqbal* require.

With respect to the system-device-apparatus claims, for example, claim 1 of the '064 patent

purports to cover "[a]n *improved* touch-screen scrolling system" that involves, among other

things, use of a "timer means," and a "preset minimum time" to "terminate scrolling

displacement of the image" under certain circumstances.  (D.I., 1, Ex. C, at 6:2-35).  Philips'

Complaint alleges only that certain Visual Land tablets contain "pre-loaded touch screen control

functionality which embodies each of the elements of at least claim 1 . . . either literally or under

the doctrine of equivalents, to enable control of data scrolling in response to user finger input."

(D.I. 1, ¶ 49).  Philips makes no factual allegations about whether or how Visual Land's tablets

are purported to have the requisite timer means or employ the preset minimum time.  The same

dearth of facts pervades each of Philips' direct infringement allegations.  (*See also, e.g.*, D.I. 1,

¶¶ 63 (alleging infringement of claim 6 without explaining whether or how any "motion is

nonuniform in time" as asserted claim requires), 77 (alleging infringement of reissued claim 1

without explaining whether or how accused tablets contain "a controller arranged to cause the

display apparatus to show a rotating elliptical menu . . . ." or other limitations required by

asserted claim), 91 (alleging infringement of reissued claim 1 without explaining whether or how

the accused devices contain modems or are operative to enable the user to perform specific touch

functionality claimed), and 56, 70, 84 (alleging infringement based upon compliance with

complex standards without stating which aspects of the standards allegedly embody claim

elements).  Accordingly, the Court should dismiss these allegations.

> **B.**    **The Complaint Lacks Critical Facts Necessary to State**
> **Substantively Plausible Claims for Direct Infringement of the**
> **Method Claims**

Philips' method claims suffer the same fatal flaw as its system-device-apparatus claims.

(*See, e.g.*, D.I. 1, ¶¶ 35 (alleging direct infringement of claim 1 of the '913 patent without stating

facts that allegedly establish the performance of required steps, such as the claimed manner of

switching between primary and secondary characters and default and second states on a keypad),

42 (alleging infringement of claim 9 of the '387 patent without including facts that allegedly

establish the presence of any particular steps in the claimed improved method for controlling a

scroll-like display)).

Philips' asserted method claims also suffer from a further defect.  To directly infringe a

method claim, a defendant must perform every step of the patented method (directly or through

another whose conduct may be attributed to the defendant).  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007)).  Philips' Complaint does not allege that Visual Land (or anyone) has actually done so.  The Accused Products by themselves, *sans* users, cannot "practice" or "perform each of the steps" of the asserted method claims.  (D.I. 1, ¶¶ 35, 42.)  Merely selling a device, even one that can be used to practice a method claim, does not constitute infringement of a method claim.  *See, e.g.*, *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774–75 (Fed. Cir. 1993).  As a result, as in *Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*, the Court should dismiss Philips' conclusory allegations of direct infringement of the asserted method claims.  *See* C.A. No. 12-1109-GMS, 2013 WL 6040377 at *2 n.1 (D. Del. Nov. 14, 2013) ("Bonutti's direct infringement claim is not sufficiently pled because Bonutti fails to allege that [Defendant] actually carried out each step of the method claimed. . . .").

## II.   PHILIPS FAILS TO ALLEGE COGNIZABLE CLAIMS FOR INDIRECT INFRINGEMENT

Philips' Complaint makes allegations of induced and contributory infringement based on conclusory language that it repeats for each of the nine asserted patents.  These boilerplate allegations fail to include factual support necessary to state a plausible claim for either type of indirect infringement.  Courts should dismiss indirect infringement claims that are so lacking. *See, e.g., Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) (affirming dismissal of induced and contributory patent infringement claims for failing to meeting the pleading standards of *Iqbal* and *Twombly*).

To state a claim for inducement, a plaintiff must plead facts showing that, among other elements, the defendant specifically intended to induce a third party to directly infringe the asserted patents.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065, 2068 (2011);

12

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.* (Fed. Cir. 2015) (reiterating that "sale of a lawful product by lawful means, with the knowledge that an unaffiliated third party may infringe, cannot, in and of itself, constitute inducement" and that "accused infringer must have knowingly aided and abetted direct infringement") (internal citations and quotation marks omitted); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*) ("[T]he inducer must have an affirmative intent to cause direct infringement."). But Philips has pleads no facts to support the notion that any third parties are directly infringing any asserted patent, let alone that Visual Land specifically intended to cause them to infringe. The omission is fatal. *See Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, C.A. No. 12-1111-GMS, 2013 WL 6058472, at *2 n.5 (D. Del. Nov. 18, 2013) ("Allegations that Smith knew of Bonutti's patents and of its customers' use of Smith's products do not suffice to establish that Smith also knew that its customers' use of Smith's own products would amount to infringement of Bonutti's patents."); *see also Intellectual Ventures I LLC v. Bank of America, Corp.*, C.A. No. 13-358-RJC-DSC, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014) ("To survive a motion to dismiss for an induced infringement claim, Plaintiffs' complaint should have alleged facts that plausibly demonstrated that Defendants not only intended their customers to infringe the asserted patent, but also knew that the customers' acts constituted infringement."); *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, C.A. No. 14-502 (JLL)(JAD), 2014 WL 3345618, at *3 (D.N.J. July 7, 2014) (granting motion to dismiss and explaining that "[w]ithout establishing the link of specific intent between Defendants' knowledge of the Asserted Patents and Defendants' inducement of the third-party infringement, Plaintiff's induced infringement claims cannot survive").

13

In addition, Philips has not shown or explained how any instructions that Visual Land allegedly provided bear any relation to encouraging Visual Land's customers allegedly to infringe Philips' patents.  Inducement requires "active steps to encourage direct infringement and an affirmative intent that the product be used to infringe."  *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1360 (Fed Cir. 2015) (further stating that it "requires such steps as encouraging . . . recommending . . . or promoting . . . an infringing use") (internal citations and quotation marks omitted).  Merely instructing customers on use of a product is not sufficient to establish the requisite affirmative intent.  *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 n.2 (Fed. Cir. 2009) (explaining that a plaintiff cannot show specific intent to induce infringement by alleging merely that "a user following the [defendant's] instructions may end up using the device in an infringing way").

Similarly, to state a claim for contributory infringement, a plaintiff must allege facts plausibly establishing that, among other elements, the defendant knew its products were (1) patented "components," (2) that were "especially made or especially adapted" to infringe, and (3) that they have no "substantial non-infringing use." *See* 35 U.S.C. § 271(c).  Philips' Complaint fails on all three points.  It does not identify any patented "components."  Rather, Philips identifies only the accused tablet computers themselves, which also allegedly directly infringe, without stating any facts to establish how these products are allegedly "components" of any asserted claim.  Nor does Philips allege any facts to support its assertion that the Accused Products, whether components or not, were especially made or adapted to infringe or lack substantial non-infringing uses.  Mere recitation of the elements of contributory infringement, is insufficient and warrants dismissal.  *Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. No. 12-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing contributory infringement

claim because "[t]he allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts"); *see also Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 681 (D. Del. 2013) (dismissing contributory infringement claim).

## III.  PHILIPS FAILS TO ALLEGE A COGNIZABLE CLAIM FOR WILLFULNESS

Proof of willful patent infringement requires a plaintiff to establish that there is an objectively high risk that the defendant is infringing, and that the defendant knows or should know of that objectively high risk.  *I4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010).  Philips' willfulness allegations are insufficient because they allege only that Visual Land was alerted to the patents in correspondence, but fail to state facts plausibly establishing that Visual Land knew or should have known of an objectively high risk of infringement. Indeed, on its face, Philips' Complaint fails to establish substantive plausibility of any infringement claim.  To properly plead willfulness, Philips must, but has not, alleged facts that go much further, establishing not only that Visual Land knew or should have known about its patents, but also about a risk of infringement that was objectively high.  *See, e.g., MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (dismissing claims for willfulness as inadequately plead and explaining that at the pleading stage, a plaintiff must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk," and must "demonstrate[ ] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement" were either known or were so obvious that they should have been known") (quoting *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.,* C.A. No. 10-425-LPS, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012) (internal quotations omitted)).

15

## CONCLUSION

The Supreme Court has stated unequivocally that merely reciting the elements of a claim along with "conclusory statements" lacking factual support does not satisfy Rule 8(a) of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 557 (a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim). That is the *most* Philips has done. Its Complaint does not (and with the abrogation of Form 18 ought not to even arguably) suffice.

For these reasons and those set forth in the submissions of Related Rule 12(b)(6) Motions, Visual Land respectfully requests the Court to enter an order dismissing Philips' Complaint on the grounds that the allegations are legally insufficient.

OF COUNSEL:

Elizabeth Rogers Brannen
STRIS & MAHER LLP
725 South Figueroa Street
Suite 1830
Los Angeles, CA 90017
(213) 995-6809
elizabeth.brannen@strismaher.com

YOUNG CONAWAY STARGATT &
    TAYLOR, LLP

 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

Dated: March 8, 2016

### CERTIFICATE OF SERVICE

I, Anne Shea Gaza, Esquire, hereby certify that on March 8, 2016, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Michael P. Kelly
> Daniel M. Silver
> Benjamin A. Smyth
> MCCARTER & ENGLISH, LLP
> Renaissance Center
> 405 N. King Street, 8th Floor
> Wilmington, DE 19801
> *mkelly@mccarter.com*
> *dsilver@mccarter.com*
> *bsmyth@mccarter.com*
>
> *Attorneys for Plaintiffs*

I further certify that on March 8, 2016, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and the following:

> Michael P. Sandonato
> John D. Carlin
> Daniel A. Apgar
> Jonathan M. Sharret
> FITZPATRICK, CELLA, HARPER & SCINTO
> 1290 Avenue of the Americas
> New York, NY 10104-3800
> *msandonato@fchs.com*
> *jcarlin@fchs.com*
> *dapgar@fchs.com*
> *jsharret@fchs.com*
>
> *Attorneys for Plaintiffs*

01:18361652.1

YOUNG CONAWAY STARGATT &
     TAYLOR, LLP

/s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

01:18361652.1