IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, <br><br>   Plaintiff, <br><br> v. <br><br>VISUAL LAND, INC., <br><br>   Defendant. | ) ) ) ) ) ) C.A. No. 15-1127-GMS ) ) ) ) ) |

**REPLY IN SUPPORT OF DEFENDANT VISUAL LAND INC.'S MOTION TO DISMISS AND JOINDER IN HTC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

  Defendant Visual Land Inc. ("Visual Land") respectfully submits this reply in support of its motion to dismiss and joinder in the motion and supporting briefs of HTC Corporation and HTC America, Inc. ("HTC") in Civil Action Number 15-1126. (D.I. 22; C.A. No. 15-1126 D.I. 20.) As set forth in Visual Land and HTC's respective motions, the First Amended Complaint (("FAC") (D.I. 20)) filed by Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (together, "Philips") against Visual Land does not satisfy the requirements of Federal Rule of Civil Procedure 12(b)(6).

  The exact same arguments apply. As HTC's contemporaneously-filed reply brief explains, with the abrogation of Form 18, a patent infringement complaint must satisfy *Twombly* and *Iqbal*. The FAC does not. Visual Land incorporates HTC's reply brief by reference and respectfully asks the Court to dismiss Philips' deficient allegations against Visual Land without leave to amend for the same reasons explained therein.

  To summarize, *Twombly* and *Iqbal* require, at a minimum, that a complaint must identify which products are accused of infringing which claims, and on what factual basis, so that Visual

1

Land may have fair notice of the case Philips intends to pursue and the grounds on which it rests. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (holding that plaintiff must allege facts sufficient to show that its claim has *substantive plausibility*) (emphasis added); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (holding that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Philips' FAC against Visual Land does not do so. It purports to assert claims of direct infringement on the basis of "[n]on-limiting" example products and patent claims. (*See, e.g.*, D.I. 20, ¶¶ 30, 31 (listing the Prestige Prime, Prestige Elite, Prestige Pro, Prestige, Connect, and Premier families of devices), 36-37, 40 ("[a]s one example. . ."), 56, 74, 87, 101, 110, 119, 128, and 138.) That does not constitute fair notice of which products and claims are at issue, let alone the grounds on which such claims rest. Nor does the FAC try to connect any dots by alleging facts establishing that Philips' accusations have substantive plausibility with respect to each accused product and the required limitations of each asserted patent claim.

Similarly, the FAC is devoid of facts sufficient to state a claim for indirect infringement, such as those that would establish the absence of substantial non-infringing uses, or what constitutes the component, material, or apparatus as required by § 271(c). (*See, e.g.*, D.I. 20, ¶¶ 8, 41, 63, 65.) As HTC's reply explains, this is Philips' burden. With respect to Visual Land, as with HTC, Philips has not attempted to satisfy it.

Philips' opposition suggests that Visual Land's motion should be denied because the specific factual allegations as to HTC's products differ. (D.I. 29, n. 2.) But it is the *dearth* of factual allegations that form the basis of Visual Land and HTC's motions. The deficiencies are the same. Under the governing law, properly construed, Philips' deliberate vagueness and lack of specificity warrants dismissal with prejudice of the FAC against Visual Land pursuant to Rule

12(b)(6).

      For the foregoing reasons and those presented in HTC's motion and contemporaneously filed reply, Visual Land respectfully requests that the Court grant Visual Land's motion (D.I. 22).

| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| Elizabeth Rogers Brannen<br>STRIS & MAHER LLP<br>725 South Figueroa Street<br>Suite 1830<br>Los Angeles, CA 90017<br>(213) 995-6809<br>elizabeth.brannen@strismaher.com | */s/ Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>swilson@ycst.com |
| Dated: June 16, 2016 | *Attorneys for Defendant* |

01:18815502.1

## **CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, Esquire, hereby certify that on June 16, 2016, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Michael P. Kelly
>Daniel M. Silver
>Benjamin A. Smyth
>MCCARTER & ENGLISH, LLP
>Renaissance Center
>405 N. King Street, 8th Floor
>Wilmington, DE 19801
>*mkelly@mccarter.com*
>*dsilver@mccarter.com*
>*bsmyth@mccarter.com*
>
>*Attorneys for Plaintiffs*

I further certify that on June 16, 2016, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and the following:

>Michael P. Sandonato
>John D. Carlin
>Daniel A. Apgar
>Jonathan M. Sharret
>FITZPATRICK, CELLA, HARPER & SCINTO
>1290 Avenue of the Americas
>New York, NY 10104-3800
>*msandonato@fchs.com*
>*jcarlin@fchs.com*
>*dapgar@fchs.com*
>*jsharret@fchs.com*
>
>*Attorneys for Plaintiffs*

01:18361652.1

                        YOUNG CONAWAY STARGATT &
                          TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

Dated: June 16, 2016