IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. | C.A. No. 15-1125-GMS |

| | |
|---|---|
| MICROSOFT CORPORATION, <br><br> Intervenor-Plaintiff, <br> v. <br><br> KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, <br><br> Intervenor-Defendants. | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, <br><br> Intervenor-Defendants/Counterclaim Plaintiffs in Intervention, <br> v. <br><br> MICROSOFT CORPORATION, <br><br> Intervenor-Plaintiff/Counterclaim Defendant in Intervention, <br><br> AND <br><br> MICROSOFT MOBILE INC., <br><br> Counterclaim Defendant in Intervention. | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HTC CORP. and<br>HTC AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 15-1126-GMS

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>VISUAL LAND, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 15-1127-GMS

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>Intervenor-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, | ) ) | |
| | ) | |
| Intervenor-Defendants/Counterclaim Plaintiffs in Intervention, | ) ) ) | |
| | ) | |
| v. | ) ) | |
| MICROSOFT CORPORATION, | ) ) | |
| Intervenor-Plaintiff/Counterclaim Defendant in Intervention, | ) ) ) | |
| AND | ) ) | |
| MICROSOFT MOBILE INC., | ) ) | |
| Counterclaim Defendant in Intervention. | ) ) ) | |

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | C.A. No. 15-1128-GMS |
| SOUTHERN TELECOM, INC., | ) ) | |
| Defendant. | ) ) | |

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | C.A. No. 15-1130-GMS |
| DOUBLE POWER TECHNOLOGY, INC., ZOWEE MARKETING CO., LTD., and SHENZEN ZOWEE TECHNOLOGY CO., LTD., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

MICROSOFT CORPORATION,                          )
                                                )
                Intervenor-Plaintiff,           )
                                                )
        v.                                      )
                                                )
KONINKLIJKE PHILIPS N.V. and                    )
U.S. PHILIPS CORPORATION,                       )
                                                )
                Intervenor-Defendants.          )
                                                )
KONINKLIJKE PHILIPS N.V. and                    )
U.S. PHILIPS CORPORATION,                       )
                                                )
                Intervenor-                     )
                Defendants/Counterclaim Plaintiffs )
                in Intervention,                )
                                                )
        v.                                      )
                                                )
MICROSOFT CORPORATION,                          )
                                                )
                Intervenor-Plaintiff/Counterclaim )
                Defendant in Intervention,      )
                                                )
AND                                             )
                                                )
MICROSOFT MOBILE INC.,                          )
                                                )
                Counterclaim Defendant in       )
                Intervention.                   )
                                                )
KONINKLIJKE PHILIPS N.V. and                    )
U.S. PHILIPS CORPORATION,                       )
                                                )
                Plaintiffs,                     )
                                                )
        v.                                      )        C.A. No. 15-1131-GMS
                                                )
YIFANG USA, INC. D/B/A E-FUN, INC.,             )
                                                )
                Defendant.                      )
                                                )

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KONINKLIJKE PHILIPS N.V. and | ) |
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Intervenor-Defendants. | ) |
| | ) |
| KONINKLIJKE PHILIPS N.V. and | ) |
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Intervenor-Defendants/Counterclaim Plaintiffs in Intervention, | ) |
| | ) |
| v. | ) |
| | ) |
| MICROSOFT CORPORATION, Intervenor-Plaintiff/Counterclaim Defendant in Intervention, | ) |
| | ) |
| AND | ) |
| | ) |
| MICROSOFT MOBILE INC., | ) |
| | ) |
| Counterclaim Defendant in Intervention. | ) |
| KONINKLIJKE PHILIPS N.V. and | ) |
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 15-1170-GMS |
| | ) |
| ACER INC. and | ) |
| ACER AMERICA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KONINKLIJKE PHILIPS N.V. and | ) |
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Intervenor-Defendants. | ) |
| | ) |
| KONINKLIJKE PHILIPS N.V. and | ) |
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Intervenor- | ) |
| Defendants/Counterclaim Plaintiffs | ) |
| in Intervention, | ) |
| | ) |
| v. | ) |
| | ) |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Intervenor-Plaintiff/Counterclaim | ) |
| Defendant in Intervention, | ) |
| | ) |
| AND | ) |
| | ) |
| MICROSOFT MOBILE INC., | ) |
| | ) |
| Counterclaim Defendant in | ) |
| Intervention. | ) |

## NOTICE OF SUBPOENA AND DEPOSITION OF SUNG M. CHOI

PLEASE TAKE NOTICE that, under Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendants in the above-captioned actions and Intervenor-Plaintiff Microsoft Corporation will take the oral deposition of Sung M. Choi, before a notary public or other such officer authorized by law to administer oaths.

The deposition will commence at 9:00 a.m., Eastern Standard Time, on June 15, 2017, at the law offices of Perkins Coie LLP, 30 Rockefeller Plaza, 22nd Floor, New York, New York

10112-0085 and will continue from day to day until completed.  The deposition will be recorded

by stenographic and videographic means.

Please take further notice that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, the deponent is hereby requested to produce the items identified in Attachment A to

the attached subpoena.  Also attached to the subpoena is the stipulated protective order

governing the handling and use of any protected materials produced in the above-captioned

actions.


| | |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Samantha G. Wilson* |
| Rodger D. Smith II (No. 3778) | Adam W. Poff (No. 3990) |
| Eleanor G. Tennyson (No. 5812) | Anne Shea Gaza (No. 4093) |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | Samantha G. Wilson (No. 5816) |
| 1201 North Market Street | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| P.O. Box 1347 | Rodney Square |
| Wilmington, DE 19899 | 1000 North King Street |
| (302) 658-9200 | Wilmington, DE 19801 |
| rsmith@mnat.com | (302) 571-6600 |
| etennyson@mnat.com | apoff@ycst.com |
| | agaza@ycst.com |
| OF COUNSEL: | swilson@ycst.com |
| Matt Warren | *Attorneys for Defendant Visual Land, Inc.* |
| Patrick M. Shields | |
| Brian Wikner | |
| Erika Mayo | |
| WARREN LEX LLP | |
| 2261 Market Street, No. 606 | |
| San Francisco, CA 94114 | |
| *Attorneys for Defendants Acer, Inc., Acer* | |
| *America Corporation, ASUSTeK Computer* | |
| *Inc. and ASUS Computer International* | |

Kai Tseng
Craig Kaufman
James Lin
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065.
*Attorneys for Defendants Acer, Inc., Acer
America Corporation*

Michael J. Newton
Derek Neilson
Sang (Michael) Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX 75201
(214) 922-3423

Ross R. Barton
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, NC 28280
(704) 444-1287

Xavier M. Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
(650) 838-2066

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
(404) 881-7920
 *Attorneys for ASUSTeK Computer Inc.
and ASUS Computer International*

/s/ Karen E. Keller
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:
John Schnurer
Kevin Patariu
Ryan Hawkins
Louise Lu
Vinay Sathe
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130
(858) 720-5700

Ryan McBrayer
Jonathan Putman
Antoine McNamara
Stevan Stark
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000
*Attorneys for Defendants HTC Corp. and HTC
America, Inc.*

/s/ Karen L. Pascale
Karen L. Pascale (No. 2903)
Robert M. Vrana (No. 5666)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

OF COUNSEL:
P. Andrew Blatt
WOOD HERRON & EVANS LLP
2700 Carew Tower
Cincinnati, OH 45202
(513) 241-2324
*Attorneys for Defendant Southern Telecom, Inc.*

/s/ Karen Jacobs
Karen Jacobs (No. 2881)
Mirco J. Haag (No. 6165)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
mhaag@mnat.com

OF COUNSEL:
Bryan G. Harrison
LOCKE LORD LLP
Terminus 200
3333 Piedmont Road NE, Suite 1200
Atlanta, GA 30305
(404) 870-4629
*Attorneys for Defendants*
*Double Power Technology, Inc.,*
*Zowee Marketing Co., Ltd. and*
*Shenzen Zowee Technology Co., Ltd.*

/s/ Karen E. Keller
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:
Lucian C. Chen
Wing K. Chiu
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 710-3007
*Attorneys for Defendant YiFang USA, Inc. D/B/A*
*E-Fun, Inc.*

*/s/ Steven J. Balick*
Steven J. Balick (No. 2114)
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington DE 19899
(302) 504-3700
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

OF COUNSEL:
Chad Campbell
Jared W. Crop
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
(602) 351-8000

Judy Jennison
Christina McCullough
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
(206) 359-8000

Michelle Berger
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA, 92130
(858) 720-5700
*Attorneys for Intervenor-Plaintiff/Counterclaim*
*Defendants Microsoft Corporation and*
*Microsoft Mobile, Inc.*

Dated: June 1, 2017

# ATTACHMENT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Koninklijke Philips N.V. and U.S. Philips Corporation | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:15-cv-01125-28, 1130-31, 1170 |
| | ) |
| HTC Corp. and HTC America, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:             Sung M. Choi, 317 Williams Court, Edgewater, NJ 07020-1613

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Perkins Coie LLP<br>30 Rockefeller Plaza, 22nd Floor<br>New York, NY 10112-0085 | Date and Time:   06/15/2017  9:00a.m. |
|---|---|

The deposition will be recorded by this method:   stenographically, and by sound and videographic recording

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/01/2017

         *CLERK OF COURT*

                                                OR

_____                  /s/ Yun Louise Lu
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendants HTC Corp. and HTC America, Inc. _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____              _____

                                                                                    *Server's signature*

                                                             _____

                                                                                    *Printed name and title*

                                                             _____

                                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      The terms "You," "Your," and "Choi" refers to Sung M. Choi, named co-inventor

of U.S. Patent No. 6,211,856 ("the '856 patent").

2.      The term "Philips " refers to Koninklijke Philips N.V., formerly known as

Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and any other entities

constituting their predecessors, successors, subsidiaries, affiliates, divisions, associated

organizations, and joint ventures, as well as any present and former members, officers, directors,

trustees, employees, staff members, agents, counsel, or other representatives acting on their

behalf.

3.      The term "Auto-Zoom Patents" refers to U.S. Patent Nos. 6,211,856 ("the '856

Patent) and 6,466,203 ("the '203 Patent"), and U.S. Patent No. RE43,564 ("the '564 Patent).

4.      The term "Related Patent(s)/Application(s)" means (a) all applications to which

the Auto-Zoom Patents claim priority; (b) all divisional, continuation, and continuation-in-part

applications of any of the applications to which the Auto-Zoom Patents claims priority or from

which the Auto-Zoom Patents issued; (c) any application that shares the same or substantially

similar specification, or a portion thereof, as any of the Auto-Zoom Patents; (d) all patents

issuing from the applications described in (a)-(c); (e) all reissues and reexaminations of any of

the Auto-Zoom Patents or any of the patents described in (d); and (f) all foreign counterpart

patent applications and foreign counterpart patents to any of the patents or applications described

in (a) or (e) above.

5.      The term "Philips Litigations" refers to the litigations filed by Philips in the

United States District Court for the District of Delaware on the '564 Patent, *inter alia*, against: (i)

1

ASUSTeK Computer, Inc. and ASUS Computer International, C.A. No. 15-1125 (GMS), where

Microsoft Corporation intervenes; (ii) HTC Corp. and HTC America, Inc., C.A. No. 15-1126

(GMS); (iii) Visual Land, Inc., C.A. No. 15-1127 (GMS), where Microsoft Corporation

intervenes; (iv) Southern Telecom, Inc., C.A. No. 15-1128 (GMS); (v) Double Power

Technology, Inc., Zowee Marketing Co., Ltd. and Shenzeh Zowee Technology Co., Ltd., C.A.

No. 15-1130 (GMS), where Microsoft Corporation intervenes; (v) YiFang USA, Inc. d/b/a E-

Fun, Inc., C.A. No. 15-1131 (GMS), where Microsoft Corporation intervenes; and (vi) Acer Inc.

and Acer America Corporation, C.A. No. 15-1170 (GMS), where Microsoft Corporation

intervenes.

6.      The term "Document" shall mean any document or writing, including any

computer disk, diskette, tape, card or any other form of computer data storage, electronic data, or

electronically stored information, existing or deleted files, metadata, data collected and stored

through use of the Internet, including "bookmarks" and browser history identifying Web sites

visited, voice-mail messages and identifying information (including information stored on cell

phones and hand-held communication devices), digital photographs, charts and graphs stored

electronically, writings, drawings, graphs, charts, photographs, sound recordings, images, and all

other data or data compilations stored in any medium from which information can be obtained,

however produced or reproduced, of any kind or description, whether sent or received, including

original copies, drafts and both sides thereof, regardless of their author or origin, or however

denominated by the recipient of this Request.  In all instances in which a document, or a series of

documents, has been prepared on a periodic basis (such as monthly, quarterly, semiannually,

annually, etc.) the document reflecting each such period is requested.  "Document" shall also

include any physical things other than documents.

7.      The terms "Thing" or "Things" shall be understood to include all physical item(s) that are not considered "documents" and shall have the broadest interpretation ascribed to it by the Federal Rules of Civil Procedure.

8.      The term "Invention Records" refers to any engineering notebooks, inventor notebooks, laboratory notebooks, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings, specifications, diagrams, computer records, diaries, calendars, test, investigation or experimental results, prototypes, source code, invention disclosures, patent prosecution records, or any other documents or things relating to the invention(s) described in the Auto-Zoom Patents or Related Patent(s)/Application(s).

9.      The term "Prior Art" means all documents, publications (including, but not limited to, notes and slides from oral presentations, meeting abstracts, posters), investigations, evaluations, searches, or search results of domestic or foreign patents, physical specimens, uses, sales, offers for sale or other activities relating to the subject matter(s) of the Auto-Zoom Patents and existing or occurring prior to July 19, 2000 such as to be potentially relevant under any subsection of 35 U.S.C. §§ 102 or 103.

10.      The term "Legal Documents" means all "Documents" relating to any lawsuit, judicial proceeding, arbitration, patent interference proceeding, appeal proceeding, reissue, reexamination or other invalidity proceeding, patent opposition, or cancellation proceeding related to the Auto-Zoom Patents or any Related Patents/Applications, including all affidavits, declarations, deposition transcripts, trial transcripts, hearing transcripts, or other testimony, and exhibits thereto, submitted in any administrative, judicial, or other proceeding by You, any named inventor of the Auto-Zoom Patents, or any prosecuting attorney or patent agent of the

Auto-Zoom Patents, where any part of the affidavit, declaration, transcript, or testimony relates, in whole or in part, to the Auto-Zoom Patents or any Related Patents/Applications.

11.     The terms "Person" and "Persons" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

12.     The term "Communication" shall include, with limitation, any conversation, meeting, visit, letter, correspondence, note, memorandum, cable, facsimile, telex, telephone call, electronic mail message, or other transmission of information or data in any form.

13.     The term "product" shall be understood to include any system, method, product, device or service, including identifying such item by names, numbers, and designations, from the most specific to the most general, and either external or internal, related to the relevant product; including any model numbers or designations, version numbers or designations, and internal numbers or designations, and the owner, manufacturer, distributor, licensor, or dealer of the relevant product during the time period between January 1, 1997 and December 31, 2003.

14.     The terms "and" or "or" shall be construed conjunctively and disjunctively so as not to exclude any information otherwise within the scope of any discovery request.

15.     The terms "all," "each," and "every" shall be understood as "each and every."

16.     The term "any" shall be understood in either its most or least inclusive sense as will bring within the scope of discovery requests all responses that might otherwise be construed to be out of its scope.

17.     The use of a singular form of any word includes the plural and vice versa.

4

18.     The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

19.     The terms "regarding," "concerning," "pertain(s) to," "pertaining to," "relate(s) to," "relating to," "refer(s) to," "referring to," "constitute(s)," "constituting," and "reflecting" singly or in combination, shall be construed broadly to mean, for example and without limitation, addressing, commenting on, comprising, composing, containing, describing, discussing, evidencing, embodying, identifying, illustrating, in any way relevant to, sufficient to show, mentioning, pertaining directly to, pertaining indirectly to, reflecting, stating, summarizing, supporting or contradicting, or in any way touching upon, whether or not such exemplary terms are also explicitly recited in any particular request.

## **INSTRUCTIONS**

The following instructions shall apply to each of the Document Requests herein:

1.     In answering the following Document Requests, furnish all available information, including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Your control.

2.     If You cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Document Requests.

3.      All Documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34.

4.      Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

5.      Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

6.      You shall identify the custodian from whose files each document is produced.

7.      File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

8.      Documents attached to each other shall not be separated.

9.      If You object to fully identifying a Document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information unless divulging the information would disclose the privileged information:

(a)      the privilege rule being invoked;

(b)      the date of the document, electronically stored information or oral communication;

(c)      if a document, the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet);

(d)      the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including

6

where appropriate the author, the addressee, and, if not apparent, the

relationship between the author and addressee; if a communication, the

names of the persons present while it was made, and, if not apparent, the

relationship of the persons present to the declarant; and

(e)     the general subject matter of the document, electronically stored

information or oral communication.

10.     If Your response to a particular Document Request is a statement that You lack

the ability to comply with that Document Request, You must specify whether the inability to

comply is because the particular item or category of information never existed, has been

destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your

possession, custody, or control, in which case the name and address of any person or entity

known or believed by You to have possession, custody, or control of that information or category

of information must be identified.

11.     You are under a continuous obligation to supplement your answers to these

requests under the circumstances specified in Federal Rule of Civil Procedure 26(e).

## <u>REQUESTS FOR PRODUCTION</u>

1.      All Documents and Things relating to the Auto-Zoom Patents or Related Patent(s)/Application(s).

2.      A copy of Your most current curriculum vitae.

3.      A copy of any employment agreement or other agreement between You and Philips reflecting any rewards, royalties, payments or other consideration that you have received relating to the Auto-Zoom Patents and Related Patents/Applications.

4.      All Documents and Things, including without limitation the Invention Records, that corroborate the conception, any actual reduction to practice and/or any act of diligence leading to practice of the subject matter of any claim of the Auto-Zoom Patents.

5.      All Documents and Things, including without limitation the Invention Records, relating to your contribution to or participation in the conception, reduction to practice, and/or diligence between conception and reduction to practice of any claim of the Auto-Zoom Patents.

6.      All Documents and Things that relate to any mode contemplated by You, or any named inventor of the Auto-Zoom Patents, including the best mode, for carrying out any invention described in any claim of the Auto-Zoom Patents, from a period starting with the conception of the invention and ending six months after the corresponding patent application was filed, including without limitation the Invention Records.

7.      All Documents and Things relating to the invention disclosed or claimed in any claim of the Auto-Zoom Patents or any Related Patent(s)/Application(s).

8.      All Documents and Things relating to any commercial product embodying any claim of the Auto-Zoom Patents or any Related Patent(s)/Application(s).

8

9.      All Prior Art to the Auto-Zoom Patents or Related Patents/Applications, and any Communications regarding Prior Art between you and anyone else, including named inventors or prosecuting attorneys.

10.     All Documents and Things relating to or constituting the preparation, prosecution, examination, maintenance of the Auto-Zoom Patents and any Related Patents/Applications, and /or any Communication, meeting, or contact with the PTO or any foreign patent office concerning the Auto-Zoom Patents or any Related Patents/Applications.

11.     All Legal Records related to any of the Auto-Zoom Patents or Related Patents/Applications.

12.     All Documents and correspondence relating to any Communications between You and Philips, including their agents or their counsel concerning the Auto-Zoom Patents, any Related Patent(s)/Application(s), and the Philips Litigations.

13.     All agreements between You and Philips regarding the Philips Litigations, including any agreements regarding your testimony or availability to testify in the Philips Litigations, or your representation by counsel in the Philips Litigations.