# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V., and
U.S. PHILIPS CORPORATION,

      Plaintiffs,

    v.

VISUAL LAND, INC.,

      Defendant.

MICROSOFT CORPORATION,

      Intervenor-Plaintiff,

    v.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,

      Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V., and
U.S. PHILIPS CORPORATION,

      Intervenor-Defendants/Counterclaim
      Plaintiffs in Intervention,

    v.

MICROSOFT CORPORATION,

      Intervenor-Plaintiff/Counterclaim
      Defendant in Intervention.

AND
MICROSOFT MOBILE Inc.,

      Counterclaim Defendant in
      Intervention

C.A. No. 15-1127-GMS

REDACTED PUBLIC VERSION

Filed June 2, 2017

**DEFENDANT VISUAL LAND, INC.'S RENEWED MOTION TO DISMISS FOR
IMPROPER VENUE OR, IN THE ALTERNATIVE,
TO STAY OR EXTEND TIME**

Defendant Visual Land Inc.  ("Visual Land") respectfully moves this Court to dismiss the

above-captioned matter against Visual Land due to improper venue, in light of the U.S. Supreme

Court's recent decision in *In re TC Heartland LLC*, No. 16-341, 2017 WL 2216934 (U.S. May

22, 2017).  In the alternative, Visual Land respectfully moves to stay the case against it or to

extend all deadlines as between Visual Land and Plaintiffs by three months.  In support of this

Motion, Visual Land states the following:

## I.      DISMISSAL

1.      28 U.S.C. § 1400(b) states that "Any civil action for patent infringement may be

brought in the judicial district where the defendant resides, or where the defendant has

committed acts of infringement and has a regular and established place of business."

2.      On March 8, 2016, Visual Land, jointly with other defendants in related actions,

moved to dismiss Plaintiffs' Complaint for improper venue.  (D.I. 12) ("Joint Motion".)  The

Joint Motion argued that "'Philips' complaints . . . allege that venue is proper under 28 U.S.C. §§

1391(b) and (c), and § 1400. But those statutes, properly construed, provide for venue in

Delaware only if a defendant has a regular and established place of business in Delaware, or is

incorporated in the state." (D.I. 12 at 1.)  While the Joint Motion acknowledged (as it had to)

that rulings from this District had rejected this argument, *see id.* at 2 n.2; *Kraft Foods Grp.*

*Brands LLC v. TC Heartland, LLC*, C.A. No. 14-28-LPS, 2015 WL 5613160 (D. Del. Sept. 24,

2015) ("'Section 1391(c) applies . . . and venue is appropriate for a defendant in a patent

infringement case where personal jurisdiction exists" (*id.* at *2)), the movants contended that the

general corporate venue provision in Section 1391 does not change the meaning of "resides" set

forth in Section 1400(b).  D.I. 12 at 4-6.  Accordingly, they argued that the District of Delaware

was not a proper venue because Plaintiffs' complaints contained no allegations that the movants,

including Visual Land, had any connection to Delaware (*id.* at 3-4.)

3.    Briefing on the Joint Motion was completed on April 21, 2016.  (D.I. 19, 21.)

However, on June 22, 2016, the movants withdrew the Joint Motion "[i]n view of the Federal

Circuit's decision in *In re TC Heartland*, [821 F.3d 1338 (Fed. Cir. 2016)]" (D.I. 32 at 2) and in

the interest of judicial economy.  There, the Federal Circuit agreed with the District Court that

venue was proper where there is personal jurisdiction over a defendant.  821 F.3d at 1342-43.

4.    Subsequently, the U.S. Supreme Court granted certiorari in the *TC Heartland*

case.  137 S.Ct. 614 (2016).  Accordingly, in its first Answer, to the Second Amended

Complaint, Visual Land denied that venue was proper, asserted that it is not incorporated in

Delaware and does not have a "regular and established place of business" in Delaware, and

presented an affirmative defense of "Improper Venue."  (D.I. 88 at p. 2, ¶ 13 & p. 35, Nineteenth

Affirmative Defense.)

5.    Accordingly, Visual Land timely asserted and has preserved its defense of

improper venue in accordance with Rule 12.  *See* Fed. R. Civ. P. 12(b) & (h).[1]

6.    On May 22, 2017, the U.S. Supreme Court reversed the Federal Circuit's ruling

and held that "[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the

State of incorporation."  *TC Heartland,* 2017 WL 2216934, at *8.

---

[1] *E.g., Great Am. Ins. Co. of N.Y. v. Nippon Yusen Kaisha*, No. 13-CV-00031 NC, 2013 WL 3850675, at *3 (N.D. Cal. May 10, 2013) (improper venue defense preserved for purposes of 12(b)(3) motion, where party had answered and asserted affirmative defense as to venue).

7.      Visual Land is a domestic corporation incorporated in California.  D.I. 88 p. 1, ¶ 4

Lu Decl. ¶ 4.  It has no place of business in Delaware, much less a regular and established one.

*Id.* at p. 2, ¶ 13; Lu Decl. ¶¶ 5-6.

8.      As to the second prong of Section 1400(b), a domestic corporation has a "regular

and established place of business" in a district if it does its business in that district through a

"permanent and continuous" presence there.  *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir.

1985).  Plaintiffs have not pleaded sufficient facts to establish that Visual Land has a "regular

and established place of business" in the District of Delaware.  At most, they allege that Visual

Land placed accused products into the stream of commerce, where they may be sold to Delaware

customers by third party retailers or via Visual Land's website.  *See* D.I. 78 ¶¶ 6-10.  But a

corporation does not have a "regular and established place of business" in a district merely

because it conducts business there.  *See Magnetic Products, Inc. v. Trestain*, C.A. No. 06-10443,

2006 WL 1109250, at *3 (E.D. Mich. Apr. 24, 2006); *Hsin Ten Enter. USA, Inc. v. Clark

Enterprises*, 138 F. Supp. 2d 449, 461 (S.D.N.Y. 2000).  And Visual land does not maintain

offices, warehouses, retail locations, other facilities, or employees in Delaware.  Lu Decl. ¶ 6.

9.      Accordingly, Visual Land hereby renews its request to dismiss this case due to

improper venue and incorporates by reference the arguments set forth in the Joint Motion and

related briefing (D.I. 12, 21). Visual Land respectfully submits that the Court's consideration of

this request is appropriate in light of a significant change in the law.  The Supreme Court's *TC

Heartland* decision applies retroactively to this case, because when that court "applies a rule of

federal law to the parties before it, that rule is the controlling interpretation of federal law and

must be given full retroactive effect in all cases still open on direct review and as to all events,

regardless of whether such events predate or postdate [the] announcement of the rule." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, (1993).

## II.    STAY OR EXTENSION

10.     In the alternative, Visual Land requests a stay of this action, only as between Plaintiffs and Visual Land, until the completion of any other trials that proceed between Plaintiffs and the Microsoft parties and/or other defendants in related actions.  Should the Court decline to issue a stay, Visual Land requests an extension of all case deadlines as to Visual Land and Plaintiffs.

11.     In support of these alternative requests for relief, Visual Land states the following:

12.     The Court may exercise its discretion to stay a case.  *See, e.g., Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *2 (D. Del. Apr. 7, 2014).[2]  The Court may also extend case deadlines under Fed. R. Civ. P. 6(b)(1) for good cause where a moving party shows it "cannot reasonably meet the court's deadlines despite its diligence."  *Davis v. Ace Hardware Corp.*, C.A. No. 12-1185-SLR-CJB, 2014 WL 2990329, at *2 (D. Del. July 2, 2014).

---

[2] In addition to the traditional factors for a stay request, such as undue prejudice, simplification and status of the litigation, a court can consider the hardship or the inequity to the moving party absent a stay.  *See, e.g., ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, C.A. No. 12-054-GMS, 2012 WL 5599338, at *2-4 (D. Del. Nov. 15, 2012).  Furthermore, it is in the interest of efficiency and judicial economy for suits against a manufacturer (*e.g.*, Microsoft as to products incorporating its operating system, *see* D.I. 72 ¶ 9, 11) to proceed before suits against a customer such as Visual Land, ███████████████████████████ █████████████ ██████████████████████ .  Declaration of Gary Lu ("Lu Decl.") ¶ 7 (filed contemporaneously herewith).  *See, e.g., Del. Radio Techs., LLC v. Beasley Broad. Grp., Inc.*, C.A. No. 13-1813-GMS (D. Del. Jan. 7, 2014) (Ex. A).

13.     Under the Scheduling Order (D.I. 48), Visual Land's pressing discovery obligations may include, without limitation: addressing outstanding discovery disputes; further document collection and production, with a substantial completion deadline of June 1, 2017; potential supplementation of responses to outstanding discovery requests; service of objections and responses to new document requests (*see* D.I. 148, 150); and preparation for potential fact depositions of employees and/or other third parties (D.I. 144-46).

14.     Visual Land makes its request to stay, or to extend, the case schedule in a good faith effort to meet the obligations of this case ███████████████████████████ ████████████████   While Visual Land acknowledges that its document and information collection efforts to date have been significantly slower than expected, ███████████████ ██████████████████████████████████████ ████████████████████████████████

15.     First, Visual Land is a small company ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████   ████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████

16.  ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████  But Mr. Palanca's employment at Visual Land terminated in April

2017, and to date Visual Land has not hired or designated another employee to assume his

responsibilities on the business side, which included office management and graphic designer

duties.  Lu Decl. ¶ 13.

17.  Accordingly, the purpose of the requested stay is to allow the company to focus

on its main business ████████████████████████████████████

18.  Should the Court decline to issue a stay, Visual Land respectfully requests an

extension of all case deadlines by three months, for the same reasons set forth above regarding

its stay request.

19.  ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████

20.     Pursuant to D. Del. LR 7.1.1, undersigned counsel certifies that it conferred with counsel for Plaintiffs regarding the non-dispositive matters set forth in this Motion, including via verbal discussion, and the parties were unable to reach agreement.[3]

Based on the foregoing, Visual Land respectfully requests that the Court enter an order, substantially similar to the proposed Order attached hereto, dismissing the case against Visual Land due to improper venue pursuant to 28 U.S.C. § 1406(a).  In the alternative, Visual Land respectfully requests a stay of the case against it until the completion of any other trials that proceed between Plaintiffs and the Microsoft parties and/or other defendants in related actions. Should the Court determine that such a stay is not appropriate here, Visual Land requests an extension of all case deadlines, as to Visual Land and Plaintiffs, of three months.

---

[3] While Visual Land remains open to seeking agreement with Plaintiffs as to alternative arrangements to accommodate Visual Land's circumstances, including potential settlement, nevertheless Visual Land seeks this alternative relief from the Court prior to the June 1 substantial completion deadline to assure compliance with Federal Rule of Civil Procedure 6(b)(1)(A), which requires an extension request to be made "before the original time or its extension expires[.]" (Emphasis added.)

Dated: May 25, 2017

YOUNG CONAWAY STARGATT &
    TAYLOR, LLP

 _/s/ Samantha G. Wilson_
Adam W. Poff (No. 3990)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Samantha G. Wilson, Esquire, hereby certify that on May 25, 2017, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of records:

> Michael P. Kelly
> Daniel M. Silver
> Benjamin A. Smyth
> MCCARTER & ENGLISH, LLP
> Renaissance Center
> 405 N. King Street, 8th Floor
> Wilmington, DE 19801
> *mkelly@mccarter.com*
> *dsilver@mccarter.com*
> *bsmyth@mccarter.com*
>
> Michael P. Sandonato
> John D. Carlin
> Daniel A. Apgar
> Jonathan M. Sharret
> Robert S. Pickens
> Jaime F. Cardenas-Navia
> Christopher M. Gerson
> Joyce L. Nadipuram
> Giancarlo Saccia
> FITZPATRICK, CELLA, HARPER & SCINTO
> 1290 Avenue of the Americas
> New York, NY 10104-3800
> *msandonato@fchs.com*
> *jcarlin@fchs.com*
> *dapgar@fchs.com*
> *jsharret@fchs.com*
> *rpickens@fchs.com*
> *jcardenas-navia@fchs.com*
> *cgerson@fchs.com*
> *jnadipuram@fchs.com*
> *gscaccia@fchs.com*
>
> *Attorneys for Plaintiffs*

Steven J. Balick
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

Chad Campbell
Jared W. Crop
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
cscampbell@perkinscoie.com
jcrop@perkinscoie.com

Judith B. Jennison
Christina McCullough
PERKINS COIE
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
jjennison@perkinscoie.com
cmccullough@perkinscoie.com

*Attorneys for Intervenor Microsoft Corporation*

I further certify that on May 25, 2017, I caused a copy of the foregoing sealed document

to be served on the above-listed counsel by electronic mail.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Samantha G. Wilson*
Adam W. Poff (No. 3990)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
agaza@ycst.com
swilson@ycst.com

Dated: May 25, 2017

*Attorneys for Defendant Visual Land, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  13-1813-GMS |
| BEASLEY BROADCAST GROUP, INC., | ) ) ) | |
| Defendant. | ) ) ) | |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  13-1814-GMS |
| CBS RADIO INC., | ) ) ) | |
| Defendant. | ) ) ) | |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  13-1815-GMS |
| CC MEDIA HOLDINGS INC., and CLEAR CHANNEL COMMUNICATIONS, INC., | ) ) ) | |
| Defendants. | ) ) | |

DELAWARE RADIO TECHNOLOGIES, LLC )
and WYNCOMM, LLC,                )
                                 )
         Plaintiffs,             )
                                 )
    v.                           )         Civil Action No.  13-1816-GMS
                                 )
COX MEDIA GROUP, LLC,            )
                                 )
         Defendant.              )

DELAWARE RADIO TECHNOLOGIES, LLC )
and WYNCOMM, LLC,                )
                                 )
         Plaintiffs,             )
                                 )
    v.                           )         Civil Action No.  13-1817-GMS
                                 )
CUMULUS MEDIA, INC.,             )
                                 )
         Defendant.              )

DELAWARE RADIO TECHNOLOGIES, LLC )
and WYNCOMM, LLC,                )
                                 )
         Plaintiffs,             )
                                 )
    v.                           )         Civil Action No.  13-1818-GMS
                                 )
ENTERCOM COMMUNICATIONS CORP.,   )
ENTERCOM RADIO LLC and DELAWARE  )
EQUIPMENT HOLDINGS, LLC,         )
                                 )
         Defendants.             )

| | |
|---|---|
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>ENTRAVISION COMMUNICATIONS CORP.,<br><br>     Defendant. | Civil Action No.  13-1819-GMS |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>GREATER MEDIA, INC.,<br><br>     Defendant. | Civil Action No.  13-1820-GMS |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>HUBBARD RADIO LLC,<br><br>     Defendant. | Civil Action No.  13-1821-GMS |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>RADIO DISNEY GROUP, LLC,<br><br>     Defendant. | Civil Action No.  13-1822-GMS |

| | |
|---|---|
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,    ) ) ) | |
| Plaintiffs,    ) ) | |
| v.    ) ) | Civil Action No. 13-1823-GMS |
| RADIO ONE, INC.,    ) ) | |
| Defendant.    ) ) | |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,    ) ) ) | |
| Plaintiffs,    ) ) | |
| v.    ) ) | Civil Action No. 13-1824-GMS |
| SAGA COMMUNICATIONS INC.,    ) ) | |
| Defendant.    ) ) | |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,    ) ) ) | |
| Plaintiffs,    ) ) | |
| v.    ) ) | Civil Action No. 13-1825-GMS |
| TOWNSQUARE MEDIA, LLC,    ) ) | |
| Defendant.    ) ) | |
| DELAWARE RADIO TECHNOLOGIES, LLC and WYNCOMM, LLC,    ) ) ) | |
| Plaintiffs,    ) ) | |
| v.    ) ) | Civil Action No. 13-1826-GMS |
| UNIVISION COMMUNICATIONS INC., and UNIVISION RADIO INC.    ) ) ) | |
| Defendants.    ) ) | |

## ORDER

WHEREAS, on November 1, 2013, the plaintiffs Delaware Radio Technologies, LLC and Wyncomm, LLC (collectively, "the Plaintiffs") filed the fourteen above-captioned lawsuits against the named defendants (collectively, "Broadcaster Defendants"), alleging patent infringement of at least one or all of U.S. Patent Nos. 5,506,866, 5,642,379, and 5,475,691 ("patents-in-suit"). (C.A. No. 13-1813-GMS, D.I. 1.)[1] The patents relate to the transmission of both digital and analog radio signals using the in-band, on-channel ("IBOC") technique, often referred to as HD Radio technology;

WHEREAS, on July 1, 2014, a third party iBiquity Digital Corporation ("iBiquity") filed a separate lawsuit against the Plaintiffs, seeking declaratory judgment of invalidity and noninfringement of the patents-in-suit. (C.A. No. 14-853-GMS, D.I. 1.) iBiquity licenses its software to the Broadcasting Defendants, which, when implemented into broadcasting equipment and systems, allegedly causes infringement of the method claims of the patents-in-suit;

WHEREAS, on August 5, 2014, the Broadcasting Defendants each filed a Motion to Consolidate Cases and Stay, pending the resolution of iBiquity's declaratory judgment action (D.I. 19);[2]

WHEREAS, the court having considered the party's positions as set forth in their papers, as well as the applicable law;

IT IS HEREBY ORDERED THAT:

    1. The Broadcasting Defendants' Motions to Consolidate Cases and Stay[3] are GRANTED;[4]

---

[1] Unless otherwise noted, citations to docket items will refer to C.A. No. 13-1813 for the sake of convenience.

[2] The Plaintiffs did not oppose the Broadcasting Defendants' request for consolidation. (D.I. 23 at 1 & n.2.) The court therefore grants the consolidation request without comment.

2.   The consolidated cases are STAYED, pending resolution of Civil Action No.

14-853-GMS.

Dated: January 7, 2014

UNITED STATES DISTRICT JUDGE

---

[3] (C.A. No. 13-1813-GMS, D.I. 19); (C.A. No. 13-1814-GMS, D.I. 20); (C.A. No. 13-1815-GMS, D.I. 20); (C.A. No. 13-1816-GMS, D.I. 23); (C.A. No. 13-1817-GMS, D.I. 20); (C.A. No. 13-1818-GMS, D.I. 20); (C.A. No. 13-1819-GMS, D.I. 19); (C.A. No. 13-1820-GMS, D.I. 20); (C.A. No. 13-1821-GMS, D.I. 20); (C.A. No. 13-1822-GMS, D.I. 20); (C.A. No. 13-1823-GMS, D.I. 20); (C.A. No. 13-1824-GMS, D.I. 20); (C.A. No. 13-1825-GMS, D.I. 20); (C.A. No. 13-1826-GMS, D.I. 21).

[4] The court, as part of its inherent power to manage its docket, may order cases to be stayed. *See Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Courts within this district tend to look at four primary factors in analyzing a stay request: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is complete; and (4) whether a trial date has been set." *See Advanced Dynamic Interfaces, L.L.C. v. Aderas Inc.*, No. 12-cv-963 (GMS), 2013 WL 6989428, at 1 n.2 (D. Del. Jan. 11, 2013) (citing *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. 04-1137-KAJ, 2005 WL 2465898, at *4 (D. Del. May 18, 2005)).

The court finds that each of these factors weights in favor of granting the Broadcast Defendants' request for stay. Although iBiquity is not itself an alleged direct infringer of the patents-in-suit, its technology is at the core of the Plaintiffs' infringement contentions. Adjudication of iBiquity's declaratory judgment lawsuit will therefore either eliminate or crystalize the remaining issues for the Broadcast Defendants litigation. The court can discern no meaningful prejudice to the Plaintiffs, as the information obtained during the course of the iBiquity lawsuit is not wasted; it can be applied—indeed, it is necessary—to the instant consolidated suit. Finally, this case is still in its infancy: no Rule 16 schedule is in place, and no discovery has been taken. *See* Fed. R. Civ. P. 16. The court finds that staying the consolidated action, pending resolution of the iBiquity suit, is proper.

Both parties extensively discuss the "customer suit exception" in their briefing. The court does not consider it necessary to address this point in depth, as the facts at bar do not fit squarely within the exception. After all, iBiquity's software is not itself infringing; it is the implementation of the software into the Broadcast Defendants' systems that triggers the alleged infringement. Nonetheless, the court agrees that the underlying principles of the customer suit exception support the imposition of a stay in this case. "[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy . . . ." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006); *see also Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). Imposing a stay in this case would serve these goals. The Plaintiffs arguments to the contrary rely on a standard that has never actually been adopted by any court.

The court grants the Broadcast Defendants' request for stay.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,  and<br>U.S. PHILIPS CORPORATION,<br><br>       Plaintiffs,<br><br>       v.<br><br>VISUAL LAND, INC.,<br><br>       Defendant.<br><br><br>MICROSOFT CORPORATION,<br><br>       Intervenor-Plaintiff,<br><br>       v.<br><br>KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>       Intervenor-Defendants.<br><br>KONINKLIJKE PHILIPS N.V., and<br>U.S. PHILIPS CORPORATION,<br><br>       Intervenor-<br>Defendants/Counterclaim<br>       Plaintiffs in Intervention,<br><br>       v.<br><br>MICROSOFT CORPORATION,<br><br>       Intervenor-Plaintiff/Counterclaim<br>       Defendant in Intervention.<br><br>AND<br>MICROSOFT MOBILE Inc.,<br><br>       Counterclaim Defendant in<br>       Intervention | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>C.A. No. 15-1127-GMS |

**[PROPOSED] ORDER**

At Wilmington this _____ day of _____, 2017, the Court having

considered Defendant's Visual Land Inc.'s Renewed Motion to Dismiss for Improper Venue Or,

In the Alternative, to Stay or Extend Time (the "Motion") and the papers submitted in connection

therewith,

IT IS HEREBY ORDERED that:

1.      The Motion is GRANTED; and

2.      The Second Amended Complaint in this action filed by Plaintiffs Koninklijke

Philips N.V. and U.S. Philips Corporation is DISMISSED for improper venue under 28 U.S.C. §

1406(a).

                                        _____
                                        The Honorable Gregory M. Sleet
                                        United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I, Samantha G. Wilson, Esquire, hereby certify that on June 2, 2017, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to registered participants.

I further certify that on June 2, 2017, I caused the foregoing document to be served by e-

mail upon the following counsel of record:

> Michael P. Kelly
> Daniel M. Silver
> Benjamin A. Smyth
> MCCARTER & ENGLISH, LLP
> Renaissance Center
> 405 N. King Street, 8th Floor
> Wilmington, DE 19801
> *mkelly@mccarter.com*
> *dsilver@mccarter.com*
> *bsmyth@mccarter.com*
>
> Michael P. Sandonato
> John D. Carlin
> Daniel A. Apgar
> Jonathan M. Sharret
> Robert S. Pickens
> Jaime F. Cardenas-Navia
> Christopher M. Gerson
> Joyce L. Nadipuram
> Giancarlo Saccia
> FITZPATRICK, CELLA, HARPER & SCINTO
> 1290 Avenue of the Americas
> New York, NY 10104-3800
> *msandonato@fchs.com*
> *jcarlin@fchs.com*
> *dapgar@fchs.com*
> *jsharret@fchs.com*
> *rpickens@fchs.com*
> *jcardenas-navia@fchs.com*
> *cgerson@fchs.com*
> *jnadipuram@fchs.com*
> *gscaccia@fchs.com*
>
> *Attorneys for Plaintiffs*

Steven J. Balick
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
*sbalick@ashby-geddes.com*
*amayo@ashby-geddes.com*


Chad Campbell
Jared W. Crop
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
*cscampbell@perkinscoie.com*
*jcrop@perkinscoie.com*

Judith B. Jennison
Christina McCullough
PERKINS COIE
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
*jjennison@perkinscoie.com*
*cmccullough@perkinscoie.com*

*Attorneys for Intervenor Microsoft Corporation*


YOUNG CONAWAY STARGATT &
    TAYLOR, LLP

*/s/ Samantha G. Wilson*
Adam W. Poff (No. 3990)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant*


Dated: June 2, 2017

01:18361652.1